**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| Anthony Hudgins, Plaintiff, | CIVIL ACTION |
| v. | Case No. 2:26-cv-00092-KSM |
| City of Philadelphia, *et al.* Defendants. | JURY TRIAL |

**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, City of Philadelphia (the "City"), Philadelphia Fire Department ("PFD"), Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson (collectively, "Philadelphia Defendants"), by and through the undersigned counsel, hereby answer the Complaint of Plaintiff, Anthony Hudgins ("Plaintiff") and assert their Affirmative Defenses as follows:

**THE PARTIES**

1. Admitted upon information and belief.

2. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

3. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

4. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

5. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

6. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

7. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

8. Admitted upon information and belief.

9. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

10. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

11. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

12. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

13. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

14. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

## ALLEGED JURISDICTION AND VENUE

15. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

16. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

17. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

18. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

19. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

**ALLEGED EXHAUSTION OF ADMINISTRATIVE REMEDIES**

20. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

21. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

22. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

23. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

24. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

25. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

26. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

**ALLEGED MATERIAL FACTS**

27. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

28. Admitted in part; denied in part. It is admitted that Chief Hudgins held a range of positions with the Philadelphia Fire Department. After reasonable investigation, Philadelphia

Defendants lack sufficient knowledge and/or information to admit or deny the remaining allegations in this paragraph. Therefore, they are denied. By way of further answer, it is specifically denied that Chief Hudgins served with integrity.

29. Denied as stated.

30. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

31. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

32. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

33. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

34. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

35. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

36. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

37. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

38. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

39. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

40. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

41. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

42. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

43. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

44. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

45. Denied as stated. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

46. Denied as stated. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

47. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

48. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

49. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

50. Admitted in part; denied in part. It is admitted that during this time the OIG was investigating allegations of overtime fraud. The Philadelphia Defendants lack information to admit or deny the remaining allegations of this paragraph. They are therefore denied.

51. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

52. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

53. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

54. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

55. Denied. The referenced article is a written document, which speaks for itself.

56. Denied. The referenced article is a written document that speaks for itself.

57. Denied. The referenced article is a written document that speaks for itself.

58. Denied. The referenced article is a written document that speaks for itself.

59. Denied. The referenced article is a written document that speaks for itself.

60. Denied. The referenced article is a written document that speaks for itself.

61. Denied. The referenced article is a written document that speaks for itself.

62. Denied. The referenced article is a written document that speaks for itself.

63. Denied. The referenced article is a written document that speaks for itself.

64. Denied as stated.

65. Denied. The referenced article is a written document that speaks for itself.

66. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

67. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

68. Denied as stated.

69. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

70. Denied.

71. Denied as stated.

72. Denied.

73. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

74. Denied.

75. Denied. The report is a written document, which speaks for itself.

76. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

77. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

78. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

79. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

80. Admitted in part; denied in part. It is admitted that there was a report which would be provided by the Office of Inspector General. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the remaining allegations in this paragraph. Therefore, they are denied.

81. Admitted in part; denied in part. It is admitted that there was a report which would be provided by the Office of Inspector General. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the remaining allegations in this paragraph. Therefore, they are denied

82. Admitted in part; denied in part. It is admitted that there was a report which would be provided by the Office of Inspector General. After reasonable investigation, Philadelphia

Defendants lack sufficient knowledge and/or information to admit or deny the remaining allegations in this paragraph. Therefore, they are denied

83. Admitted in part; denied in part. It is admitted that such changes were implemented to address overtime at this juncture. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the remaining allegations in this paragraph. Therefore, they are denied

84. Denied. The report is a written document, which speaks for itself.

85. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

86. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

87. Admitted in part; denied in part. It is admitted that a report was released. By way of further answer, said report is a written document, which speaks for itself. Therefore, any reference to the report is denied on that basis.

88. Admitted in part; denied in part. It is admitted that a memorandum was released. By way of further answer, said report is a written document, which speaks for itself. Therefore, any reference to the report is denied on that basis.

89. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

90. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

91. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

92. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

93. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

94. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

95. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

96. Denied. The referenced letter is a written document, which speaks for itself.

97. Denied as stated.

98. Denied as stated.

99. Denied as stated.

100. Denied as stated.

101. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

102. Denied. After reasonable investigation, Philadelphia Defendants lack sufficient knowledge and/or information to admit or deny the allegations in this paragraph. Therefore, they are denied.

103. Denied.

104. Denied.

105. Denied.

106. Denied. .

107. Denied. The referenced article is a written document, which speaks for itself.

108. Denied as stated.

109. Denied.

110. Denied. The referenced article is a written document, which speaks for itself.

111. Denied.

## COUNT I

## ALLEGED RETALIATION IN VIOLATION OF PUBLIC POLICY OF PENNSYLVANIA WHISTLEBLOWER LAW

**(Against Defendants City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson)**

112. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

113. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

114. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

115. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

116. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

117. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

118. Denied.

**WHEREFORE**, Philadelphia Defendants respectfully request that this Honorable Court enter judgment dismissing Count I of the Complaint of Plaintiff, with prejudice.

## COUNT II

**ALLEGED PROCEDURAL DUE PROCESS VIOLATION UNDER THE STIGMA PLUS DOCTRINE – 14th AMENDMENT (BY AND THROUGH 42 U.S.C. § 1983) (Against Defendants City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson)**

119. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

120. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

121. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

122. Denied.

123. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

124. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

125. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

126. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

127. Denied.

128. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

129. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

**WHEREFORE**, Philadelphia Defendants respectfully request that this Honorable Court enter judgment dismissing Count II of the Complaint of Plaintiff, with prejudice.

## COUNT III

**ALLEGED SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

**(Against City of Philadelphia and Philadelphia Fire Department)**

130. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

131. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

132. Denied.

133. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

134. Denied.

135. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

136. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

137. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

138. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

139. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

**WHEREFORE**, Philadelphia Defendants respectfully request that this Honorable Court enter judgment dismissing Count III of the Complaint of Plaintiff, with prejudice.

## COUNT IV

### ALLEGED HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

**(Against City of Philadelphia and Philadelphia Fire Department)**

140. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

141. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

a. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

b. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

c. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

d. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

142. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

143. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

144. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

145. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

146. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

**WHEREFORE**, Philadelphia Defendants respectfully request that this Honorable Court enter judgment dismissing Count IV of the Complaint of Plaintiff, with prejudice.

## COUNT V

## ALLEGED RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

**(Against City of Philadelphia and Philadelphia Fire Department)**

147. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

148. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

149. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

150. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

151. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

**WHEREFORE**, Philadelphia Defendants respectfully request that this Honorable Court enter judgment dismissing Count V of the Complaint of Plaintiff, with prejudice.

## COUNT VI

### SEX DISCRIMINATION IN VIOLATION OF THE 14th AMENDMENT (BY AND THROUGH 42 U.S.C. § 1983)

**(Against Defendants City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson)**

152. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

153. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

154. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

**WHEREFORE**, Philadelphia Defendants respectfully request that this Honorable Court enter judgment dismissing Count VI of the Complaint of Plaintiff, with prejudice.

**COUNT VII**

**HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE 14th AMENDMENT (BY AND THROUGH 42 U.S.C. § 1983)**

**(Against Defendants City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson)**

155. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

156. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

157. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

**WHEREFORE**, Philadelphia Defendants respectfully request that this Honorable Court enter judgment dismissing Count VII of the Complaint of Plaintiff, with prejudice.

**COUNT VIII**

**ALLEGED RETALIATION IN VIOLATION OF THE 14th AMENDMENT (BY AND THROUGH 42 U.S.C. § 1983)**

**(Against Defendants City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson)**

158. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

159. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

160. Denied. The allegations in this paragraph constitute conclusions of law to which no response is required.

**WHEREFORE**, Philadelphia Defendants respectfully request that this Honorable Court enter judgment dismissing Count VIII of the Complaint of Plaintiff, with prejudice.

**COUNT IX**

**ALLEGED DEFAMATION - PRIVATE INDIVIDUAL**

**(Against Jacqulyn Murphy, Marian Farris, Michael Bresnan, and IAFF Local 22 via vicarious liability)**

161. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

162. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

163. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

164. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

165. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

166. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

167. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

168. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

169. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

170. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

**WHEREFORE**, Philadelphia Defendants respectfully request that this Honorable Court enter judgment dismissing Count IX of the Complaint of Plaintiff, with prejudice.

## COUNT X

**ALLEGED DEFAMATION - PUBLIC FIGURE (in the alternative)**

**(Against Jacqulyn Murphy, Marian Farris, Michael Bresnan, and IAFF Local 22 *via vicarious liability*)**

171. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

172. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

173. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

174. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

**WHEREFORE**, Philadelphia Defendants respectfully request that this Honorable Court enter judgment dismissing Count X of the Complaint of Plaintiff, with prejudice.

## COUNT XI

**ALLEGED FALSE LIGHT INVASION OF PRIVACY - PRIVATE FIGURE**

**(Against Jacqulyn Murphy, Marian Farris, Michael Bresnan, and IAFF Local 22 via vicarious liability)**

175. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

176. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

177. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

178. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

179. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

180. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

181. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

182. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

183. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

184. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

**WHEREFORE**, Philadelphia Defendants respectfully request that this Honorable Court enter judgment dismissing Count XI of the Complaint of Plaintiff, with prejudice.

## COUNT XII

### ALLEGED FALSE LIGHT INVASION OF PRIVACY– PUBLIC FIGURE (in the alternative)

**(Against Jacqulyn Murphy, Marian Farris,
Michael Bresnan, and IAFF Local 22 via vicarious liability)**

185. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

186. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

187. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

188. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

**WHEREFORE**, Philadelphia Defendants respectfully request that this Honorable Court enter judgment dismissing Count XII of the Complaint of Plaintiff, with prejudice.

## COUNT XIII

### ALLEGED TORTIOUS INTERFERENCE

### (Against Jacquelyn Murphy, Marian Farris, Tabitha Boyle, Christina Quinones, and Dana Jackson)

189. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

190. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

191. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

192. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

193. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

194. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

**WHEREFORE,** Philadelphia Defendants respectfully request that this Honorable Court enter judgment dismissing Count XIII of the Complaint of Plaintiff, with prejudice.

**COUNT XIV**

**CIVIL CONSPIRACY**

**(Against Jacquelyn Murphy, Marian Farris, Tabitha Boyle, Christina Quinones, Dana Jackson)**

195. Philadelphia Defendants incorporate the previous paragraphs as if fully set forth at length herein.

196. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

197. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

198. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

199. The allegations of this paragraph are not directed at Philadelphia Defendants. To the extent a response is required, the allegations in this paragraph are denied.

**WHEREFORE**, Philadelphia Defendants respectfully request that this Honorable Court enter judgment dismissing Count XIV of the Complaint of Plaintiff, with prejudice.

**GENERAL DENIAL**

Philadelphia Defendants deny each and every allegation in Plaintiff's Complaint not specifically admitted, including in the "Introduction" section of Plaintiff's Complaint, which given its narrative form, renders a complete response impossible.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully answered and responded to the allegations of Plaintiff's Complaint, Philadelphia Defendants respectfully request that:

(1) Plaintiff's claims be dismissed with prejudice and in their entirety;

(2) Each and every prayer for relief contained in the Complaint be denied;

(3) Judgment be entered in favor of Philadelphia Defendants;

(4) All costs, including reasonable attorneys' fees, be awarded to Philadelphia Defendants and against Plaintiff pursuant to applicable laws; and

(5) Philadelphia Defendants be granted such other relief as this Court may deem just and proper.

**WHEREFORE,** Philadelphia Defendants respectfully request that this Honorable Court enter judgment dismissing the Complaint of Plaintiff, with prejudice.

## AFFIRMATIVE DEFENSES

Philadelphia Defendants assert the following affirmative defenses. Philadelphia Defendants reserve the right to amend this Answer and assert additional Affirmative Defenses based upon information obtained during discovery.

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

### Second Affirmative Defense

The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute of limitations or other applicable rules, statutes, or regulations controlling or requiring the initiation of a suit within a certain period of time following the accrual of the cause of action.

### Third Affirmative Defense

Plaintiff has waived any and all alleged rights to the relief sought in the Complaint.

**Fourth Affirmative Defense**

Philadelphia Defendants acted at all times in good faith and for legitimate, non-discriminatory and non-retaliatory reasons.

**Fifth Affirmative Defense**

Philadelphia Defendants exercised reasonable care to prevent and promptly eliminate any discriminatory and/or retaliatory conduct in the workplace.

**Sixth Affirmative Defense**

At all times relevant, Philadelphia Defendants had in place and continue to have in place policies expressly prohibiting all forms of discrimination and retaliation in the workplace. These policies contain effective complaint procedures and non-retaliation provisions and are adhered to by Philadelphia Defendants. To the extent Plaintiff experienced or believes he experienced discrimination and/or retaliation of any kind, his claims are barred, in whole or in part, due to any unreasonable failure to avail himself of the preventative and remedial measures made available to him by Philadelphia Defendants.

**Seventh Affirmative Defense**

Plaintiff's damages are reduced in whole or in part under the doctrine of after-acquired evidence.

**Eighth Affirmative Defense**

Plaintiff's damages may be barred by the doctrines of laches, waiver, estoppel, and unclean hands.

**Ninth Affirmative Defense**

Plaintiff is not entitled to recover some or all of the damages alleged, including attorneys' fees.

**Tenth Affirmative Defense**

Any alleged damages or losses, if any, were caused in whole or in part by Plaintiff's own acts, omissions, or conduct.

**Eleventh Affirmative Defense**

Plaintiff failed, in whole or in part, to mitigate his damages.

**Twelfth Affirmative Defense**

Philadelphia Defendants acted at all relevant times hereto with good faith and without any malicious intent and with reasonable justification for believing its actions were lawful.

**Thirteenth Affirmative Defense**

Plaintiff's claims for punitive damages are barred because the alleged acts, occurrences, or omissions as alleged in the Complaint fail to rise to the level required to sustain an award of punitive damages as they do not evidence willful, wanton, malicious, or reckless actions by Philadelphia Defendants.

**Fourteenth Affirmative Defense**

There is no factual or legal basis for the imposition of compensatory relief.

**Fifteenth Affirmative Defense**

There is no factual or legal basis for the imposition of punitive damages.

**Sixteenth Affirmative Defense**

Any claims made herein for compensatory and punitive damages are barred and/or limited and subject to the PHRA and/or applicable federal laws.

**Seventeenth Affirmative Defense**

Philadelphia Defendants are protected by the doctrine of sovereign immunity.

**Eighteenth Affirmative Defense**

Plaintiff failed to exhaust his administrative remedies and/or Plaintiff's claims are barred by the applicable statute of limitations.

**Nineteenth Affirmative Defense**

Plaintiff failed to name the proper Defendant at the agency level and/or in litigation, barring relief.

**Twentieth Affirmative Defense**

Philadelphia Defendants hereby assert the Faragher-Ellerth Affirmative Defense as it/they has/have exercised reasonable care in preventing and correcting any purported harassment and/or Plaintiff failed to avail herself of Philadelphia Defendants' policies.

**Twenty-First Affirmative Defense**

There is no factual or legal basis for compensatory relief.

**Twenty-Second Affirmative Defense**

Plaintiff still would have been "demoted" as alleged and/or had his salary reduced separate from any alleged impermissible factor.

**Twenty-Third Affirmative Defense**

Plaintiff still would have been "demoted" as alleged and/or had his salary reduced separate from any alleged complaint of discrimination/ alleged protected activity/and/or alleged protected class.

**Twenty-Fourth Affirmative Defense**

Philadelphia Defendant reserve the right to amend this Answer and assert additional defenses as they become apparent through the course of discovery.

**WHEREFORE**, Defendants, City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson pray that the Court enter judgment in their favor and against Plaintiff, including denying all claims for equitable relief, and dismissing all claims with prejudice, and awarding Philadelphia Defendants attorneys' fees, costs, and any other relief the Court deems just and proper.

Respectfully submitted,

**PIETRAGALLO GORDON ALFANO BOSICK AND RASPANTI, LLP**

By: */s/ Mark T. Sottile*
Gaetan J. Alfano (32971)
Mark T. Sottile (312555)
Hannah M. Franke (332400)
1818 Market Street, Suite 3402
Philadelphia, PA 19103
*gja@pietragallo.com*
*mts@pietragallo.com*
*hmf@pietragallo.com*
(215) 988-1441 (Telephone)
(215) 981-0082 (Telecopy)

*Counsel for Defendants,*
*City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson*

Date: March 20, 2026

**PROOF OF SERVICE**

I, Mark T. Sottile, Esquire hereby certify that on this 20th day of March 2026, a true and correct copy of the foregoing Defendants, City of Philadelphia, Cherelle Parker, Tiffany Thurman and Jeffrey Thompson's Answer to Plaintiff's Complaint was served via ECF upon all parties of record.

*/s/ Mark T. Sottile*
Mark T. Sottile, Esquire

*12053540*