**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY HUDGINS,** *Plaintiff,* | : | |
| **v.** | : | **Civil Action No. 26-0092** |
| **CITY OF PHILADELPHIA, et al.,** Defendants. | : | |

**JACQULYN MURPHY'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, Jacqulyn Murphy ("Answering Defendant"), by and through her undersigned counsel, hereby answers Plaintiff's Complaint with Affirmative Defenses, and aver as follows:

## INTRODUCTION[1]

Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. Moreover, to the extent that the allegations are directed to a party other than Answering Defendant, no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

## THE PARTIES

1. Admitted in part; denied in part. Admitted that Plaintiff is an adult individual currently employed by the Philadelpia Fire Department as an Incident Safety Officer. Answering Defendant is without information sufficient to admit or deny the averment as to

[1] For the purposes of this Answer and ease of the Court, Answering Defendant utilizes the same headings set forth in Plaintiff's Complaint.

Plaintiff's address. Said averments are therefore denied, and specific proof is demanded at the time of trial.

2. The averments in this paragraph are directed exclusively to a party other than Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

3. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

4. The averments in this paragraph are directed exclusively to a party other than Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

5. The averments in this paragraph are directed exclusively to a party other than Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

6. The averments in this paragraph are directed exclusively to a party other than Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

7. The averments in this paragraph are directed exclusively to a party other than Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

8. The averments in this paragraph are directed exclusively to a party other than Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

9. The averments in this paragraph are directed exclusively to a party other than Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

10. Admitted.

11. The averments in this paragraph are directed exclusively to a party other than Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

12. The averments in this paragraph are directed exclusively to a party other than Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

13. The averments in this paragraph are directed exclusively to a party other than Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

14. The averments in this paragraph are directed exclusively to a party other than Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

## JURISDICTION AND VENUE

15. This paragraph is an incorporating paragraph to which no response is required.

16. Denied. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

17. Denied. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

18. Denied. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

19. Denied. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

**EXHUSATION OF ADMINISTRATIVE REMEDIES**

20. This paragraph is an incorporating paragraph to which no response is required.

21. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at trial.

22. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at trial.

23. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at trial.

24. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

25. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

26. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

## MATERIAL FACTS

27. This paragraph is an incorporating paragraph which requires no response.

28. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

29. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

30. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

31. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

32. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

33. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

34. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

35. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

36. Denied. The averments in this paragraph contain Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

37. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

38. Denied. The averments in this paragraph contain Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

39. Denied. The averments in this paragraph contain Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

40. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

41. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

42. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

43. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

44. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

45. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

46. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

47. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

48. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

49. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

50. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

51. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

52. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

53. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

54. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

55. Admitted only that on May 6, 2025, the Philadelphia Inquirer published an article titled "Harassment and Overtime Fraud Probes Collide at Top Levels of the Philly Fire Department." To the extent that the allegations contained in this paragraph refer to a document, the document speaks for itself. Plaintiffs'characterization of that document as well as conclusions drawn in or from the document are specifically denied.

56. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent that the allegations contained in this paragraph refer to a document, the document speaks for itself. Plaintiffs' characterization of that document as well as conclusions drawn in or from that document are specifically denied. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

57. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent that the allegations contained in this paragraph refer to a document, the document speaks for itself. Plaintiffs' characterization of that document as well as conclusions drawn in or from that document are specifically denied. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

58. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

59. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

60. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent that the allegations contained in this paragraph refer to a document, the document speaks for itself. Plaintiffs' characterization of that document as well as conclusions drawn in or from that document are specifically denied. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

61. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent that the allegations contained in this paragraph refer to a document, the document speaks for itself. Plaintiffs' characterization of that document as well as conclusions drawn in or from that document are specifically denied. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

62. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

63. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

64. Denied. The averments in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

65. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

66. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

67. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

68. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

69. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

70. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

71. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

72. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

73. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

74. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

75. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

76. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

77. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

78. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

79. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

80. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

81. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

82. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

83. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

84. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

85. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

86. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

87. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

88. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

89. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

90. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

91. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

92. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

93. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

94. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

95. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

96. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

97. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

98. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

99. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

100. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

101. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

102. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is denied. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

103. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

104. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

105. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

106. Admitted only that on December 10, 2025, the Philadelphia Inquirer published an article titled "A top-ranking fire department official was demoted amid a sexual harassment probe. The city refuses to discuss the case." To the extent that the allegations contained in this paragraph refer to a document, the document speaks for itself. Plaintiffs' characterization of that document as well as conclusions drawn in or from that document are specifically denied.

107. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent that the allegations contained in this paragraph refer to a document, the document speaks for itself. Plaintiffs' characterization of that document as well as conclusions drawn in or from that document are specifically denied. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

108. Answering Defendant is without sufficient information to admit or deny the averments in this paragraph. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

109. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent that the allegations contained in this paragraph refer to a document, the document speaks for itself. Plaintiffs' characterization of that document as well as conclusions drawn in or from that

document are specifically denied. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

110. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent that the allegations contained in this paragraph refer to a document, the document speaks for itself. Plaintiffs' characterization of that document as well as conclusions drawn in or from that document are specifically denied. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

111. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent that the allegations contained in this paragraph refer to a document, the document speaks for itself. Plaintiffs' characterization of that document as well as conclusions drawn in or from that document are specifically denied. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

**COUNT I**
**RETALIATION IN VIOLATION OF PUBLIC POLICY OF PENNSYLVANIA WHISTLEBLOWER LAW**

**(Against Defendants City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson)**

112. This paragraph is an incorporating paragraph which requires no response.

113. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

114. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

115. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

116. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

117. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

118. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

**WHEREFORE**, Defendant Jacqulyn Murphy demands judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

## COUNT II
## PROCEDURAL DUE PROCESS VIOLATION UNDER THE STIGMA PLUS DOCTRINE – 14TH AMENDMENT (BY AND THROUGH 42 U.S.C. § 1983)

**(Against Defendants City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson)**

119. This paragraph is an incorporating paragraph which requires no response.

120. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

121. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

122. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

123. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

124. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

125. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

126. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

127. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

128. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

129. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

**WHEREFORE**, Defendant Jacqulyn Murphy demands judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

**COUNT III**
**SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

**(Against City of Philadelphia and Philadelphia Fire Department)**

130. This paragraph is an incorporating paragraph which requires no response.

131. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

132. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

133. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

134. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

135. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

136. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

137. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

138. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

139. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

**WHEREFORE**, Defendant Jacqulyn Murphy demands judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

**COUNT IV**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

**(Against City of Philadelphia and Philadelphia Fire Department)**

140. This paragraph is an incorporating paragraph which requires no response.

141. The averments in this paragraph are directed exclusively to a party other than Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

142. The averments in this paragraph are directed exclusively to a party other than Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

143. The averments in this paragraph are directed exclusively to a party other than Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

144. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

145. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

146. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

**WHEREFORE**, Defendant Jacqulyn Murphy demands judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

## COUNT V
## RETALIATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

**(Against City of Philadelphia and Philadelphia Fire Department)**

147. This paragraph is an incorporating paragraph which requires no response.

148. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

149. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

150. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

151. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

**WHEREFORE**, Defendant Jacqulyn Murphy demands judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

**COUNT VI**
**SEX DISCRIMINATION IN VIOLATION OF THE 14TH AMENDMENT (BY AND THROUGH 42 U.S.C. § 1983)**

**(Against Defendants City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson)**

152. This paragraph is an incorporating paragraph which requires no response.

153. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

154. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

**WHEREFORE**, Defendant Jacqulyn Murphy demands judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

**COUNT VII**
**HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE 14TH AMENDMENT (BY AND THROUGH 42 U.S.C. § 1983)**

**(Against Defendants City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson)**

155. This paragraph is an incorporating paragraph which requires no response.

156. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

157. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

**WHEREFORE**, Defendant Jacqulyn Murphy demands judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

**COUNT VIII**
**RETALIATION IN VIOLATION OF THE 14TH AMENDEMENT (BY AND THROUGH 42 U.S.C. § 1983)**

**(Against Defendants City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson)**

158. This paragraph is an incorporating paragraph which requires no response.

159. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

160. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

**WHEREFORE**, Defendant Jacqulyn Murphy demands judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

**<u>COUNT IX</u>**
**DEFAMATION – PRIVATE INDIVIDUAL**

**(Against Jacqulyn Murphy, Marian Farris, Michael Bresnan, and IAFF Local 22 *via vicarious liability*)**

161. This paragraph is an incorporating paragraph which requires no response.

162. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

163. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

164. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

165. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

166. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

167. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

168. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

169. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

170. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

**WHEREFORE**, Defendant Jacqulyn Murphy demands judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

## COUNT X
## DEFAMATION – PUBLIC FIGURE (in the alternative)

**(Against Jacqulyn Murphy, Marian Farris, Michael Bresnan, and IAFF Local 22 *via vicarious liability*)**

171. This paragraph is an incorporating paragraph which requires no response.

172. Denied. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

173. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

174. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

**WHEREFORE**, Defendant Jacqulyn Murphy demands judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

**COUNT XI**
**FALSE LIGHT INVASION OF PRIVACY – PRIVATE FIGURE**

**(Against Jacqulyn Murphy, Marian Farris, Michael Bresnan, and IAFF Local 22 *via vicarious liability*)**

175. This paragraph is an incorporating paragraph which requires no response.

176. Denied. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

177. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

178. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

179. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

180. Denied. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

181. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

182. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

183. The averments in this paragraph are directed exclusively to a party other than the Answering Defendant, and therefore, require no response. To the extent a response is required, denied.

184. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

**WHEREFORE**, Defendant Jacqulyn Murphy demands judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

**COUNT XII**
**FALSE LIGHT INVASION OF PRIVACY – PUBLIC FIGURE (in the alternative)**

**(Against Jacqulyn Murphy, Marian Farris, Michael Bresnan, and IAFF Local 22 *via vicarious liability*)**

185. This paragraph is an incorporating paragraph which requires no response.

186. Denied. The averments in this paragraph contain conclusions of law to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

187. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

188. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

**WHEREFORE**, Defendant Jacqulyn Murphy demands judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

## COUNT XIII
## TORTIOUS INTERFRENCE

**(Against Jacqulyn Murphy, Marian Farris, Tabitha Boyle, Christina Quinones, and Dana Jackson)**

189. This paragraph is an incorporating paragraph which requires no response.

190. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

191. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

192. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

193. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

194. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

**WHEREFORE**, Defendant Jacqulyn Murphy demands judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

**COUNT XIV**
**CIVIL CONSPIRACY**

**(Against Jacqulyn Murphy, Marian Farris, Tabitha Boyle, Christina Quinones, and Dana Jackson)**

195. This paragraph is an incorporating paragraph which requires no response.

196. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

197. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

198. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

199. Denied. The averments in this paragraph contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. To the extent a response is required, the averments are denied, and specific proof is demanded at the time of trial.

**WHEREFORE**, Defendant Jacqulyn Murphy demands judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendant Jacqulyn Murphy denies that she is liable on all claims asserted by Plaintiff in the Complaint and respectfully demands judgment in her favor plus such other relief as the Court deems appropriate, including the costs of defense.

## JURY TRIAL DEMAND

Admitted in part; denied in part. Answering Defendant admits only that Plaintiff has demanded a trial by jury. The remaining allegations contained in this paragraph constitute conclusions of law and/or Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

## JURY DEMAND

Answering Defendant demands a trial by jury on all issues and claims set forth in this matter.

## AFFIRMATIVE DEFENSES

**First Affirmative Defense**

Plaintiff has failed to state a claim against Answering Defendant.

**Second Affirmative Defense**

Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations.

**Third Affirmative Defense**

Answering Defendant asserts all common law and statutory immunities to which she may be entitled, including immunity pursuant to the Pennsylvania Political Subdivision Tort Claims Act.

**Fourth Affirmative Defense**

Plaintiff's injuries, suffering, and/or damages, if any were caused by the conduct, negligence, recklessness, disregard, criminal and other behavior of another(s), over whom Answering Defendant had no control and/or right of control.

**Fifth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, to the extent he has failed to take reasonable measures to mitigate any or all damages.

**Sixth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches and unclean hands.

**Seventh Affirmative Defense**

Plaintiff has failed to establish that Answering Defendant acted with malice.

**Eighth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by issue and/or claim preclusion.

**Ninth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by collateral estoppel/issue preclusion to the extent possible.

**WHEREFORE,** Defendant Jacqulyn Murphy denies that she is liable on all claims asserted by the Plaintiff in the Complaint and respectfully demands judgment in her favor plus such other relief as the Court deems appropriate, including the cost of defense.

Respectfully submitted,

*/s/ Aimee M. Ojwang*
Joseph Zaffarese (#84724)
Aleena Y. Sorathia (#318994)
Aimee M. Ojwang (#337833)
**Ahmad Zaffarese LLC**
*Counsel for Defendant Jacqulyn Murphy*

Dated: March 27, 2026

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ANTHONY HUDGINS,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Civil Action** |
| **v.** | : | **No. 26-0092** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing pleading in the above referenced matter was served upon all parties via the Philadelphia Court's Electronic Filing System.

*/s/ Aimee M. Ojwang*
Joseph Zaffarese (#84724)
Aleena Y. Sorathia (#318994)
Aimee M. Ojwang (#337833)
**Ahmad Zaffarese LLC**
*Counsel for Defendant Jacqulyn Murphy*

Dated: March 27, 2026