**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY HUDGINS,<br>Plaintiff<br><br>v.<br><br>CITY OF PHILADELPHIA, et al.<br>Defendants. | :<br>:<br>:<br>:<br>:<br>:<br>:<br>: | CIVIL ACTION No. 2:26-cv-00092 |

**ORDER**

AND NOW, this _____ day of _____________ 2026, upon consideration of the Motion of Defendant Christina Quinones (hereinafter "Moving Defendant") to Dismiss Plaintiff's Complaint, and any response thereto it is hereby **ORDERED** and **DECREED** that Moving Defendant's Motion to Dismiss is **GRANTED** and all claims are dismissed against Moving Defendant with prejudice.

**BY THE COURT:**

____________________________ J.

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY HUDGINS,<br>Plaintiff | : | CIVIL ACTION No. 2:26-cv-00092 |
| v. | : | |
| CITY OF PHILADELPHIA, et al.<br>Defendants. | : | JURY TRIAL DEMANDED |

**MOTION OF DEFENDANT CHRISTINA QUINONES TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6)**

Defendant, Christina Quinones (hereinafter "Moving Defendant"), by and through her undersigned counsel, Marshall Dennehey, P.C., files this Motion to Motion to Dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth in the accompanying Memorandum of Law, Moving Defendant respectfully requests that this Honorable Court dismiss all claims against her within Plaintiff's Complaint with prejudice.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: ______________________

JOHN P. GONZALES, ESQ.
ILSA A. MIR, ESQ.
Attorney ID 71265 / 338011
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email:jpgonzales@mdwcg.com
*Attorneys for Defendant*
*Christina Quinones*

Date: April 1, 2026

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY HUDGINS, | : | |
| Plaintiff | : | CIVIL ACTION No. 2:26-cv-00092 |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al. | : | JURY TRIAL DEMANDED |
| Defendants. | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANT CHRISTINA QUINONES TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED R. CIV. P. 12(b)(6)**

Taking Plaintiff's allegations as true, the sum and substance of his allegation against Christina Quinones (hereinafter "Moving Defendant") appears to rest on the astonishing notion that she has incurred liability because she had the temerity to engage in a conversation with other women about their uncomfortable experiences with a male supervisor. Plaintiff seeks to admonish a woman, who he did not allege had engaged in overtime fraud, for nothing more than alleged conversations about coworkers' experiences with harassment in the workplace. These allegations are deficient as a matter of law to support a viable claim of Tortious Interference or Civil Conspiracy against Moving Defendant and warrants dismissal with prejudice.

## I. FACTUAL BACKGROUND

Plaintiff, Anthony Hudgins, initiated the present action by way of filing a Complaint in the United States District Court of the Eastern District of Pennsylvania on January 7, 2026. ECF # 1. Plaintiff has asserted a Tortious Interference and Civil Conspiracy claim against Moving Defendant, arising from Plaintiff's demotion from the Philadelphia Fire Department (PFD) after sexual harassment claims were filed against him by other PFD employees. According to the Complaint, Moving Defendant cold-called female employees at work to find women that would

file harassment claims against the Plaintiff. Plaintiff additionally alleges that Moving Defendant conspired with other named Defendants to manufacture a "sexual harassment scandal and punish him as a male supervisor" after Plaintiff initiated an investigation to uncover overtime fraud actions involving Defendant Paramedic Jacquelin Murphy and payroll supervisor Marrian Farris. Id. at ¶¶ 42-43. Plaintiff is requesting compensatory damages, including payment for lost wages and benefits as well as damages for emotional pain and suffering, professional embarrassment, mental anguish, and injury to professional reputation. Plaintiff additionally seeks punitive damages against Moving Defendant for malicious, willful, or reckless disregard of Plaintiff's federal and state rights. ECF #1 at 34-35.

## II. LEGAL STANDARD

A motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is a challenge to the legal sufficiency of a complaint. *See* Ashcroft v. Iqbal, 556 U.S. 662, 674 (2009). Factual averments within a complaint must make the claim for relief more than merely speculative. Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is not required to plead in detail all of the facts upon which the claim is based. Id. at 555. Instead, the Federal Rules of Civil Procedure require "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must, however, "allege facts suggestive of [the tortious] conduct," Twombly, 550 U.S. at 563 n.8, as well as sufficient factual allegations that either, satisfy the necessary elements of a claim, or "raise a reasonable expectation that discovery will reveal evidence of . . ." those elements. Phillips v. County of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Twombly, 550 U.S. at 556). And so, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Iqbal, 556 U.S. at 679.

The determination of whether to grant a motion to dismiss requires liberal interpretation of the complaint, accepting all factual allegations in the complaint as true, while drawing all plausible inferences in favor of the plaintiff. *See* Twombly, 550 U.S. at 555; see also D.P. Enters. v. Bucks County Cnty. Coll., 725 F.2d 943, 944 (3d Cir. 1984). Yet, neither "bald assertions" nor "vague and conclusory allegations" are accepted as true. *See* Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997); *see also* Sterling v. Southeastern Pennsylvania Transp. Auth., 897 F. Supp. 893 (E.D. Pa. 1995). The court's obligation to accept allegations as true also does not apply to legal conclusions. *See* Iqbal, 556 U.S. at 678. Accordingly, the court must first identify conclusive allegations in the complaint that are not entitled to the assumption of truth and then consider whether the remaining allegations "plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 678.

## III. LEGAL ARGUMENT

### a. Count XIII of Plaintiff's Complaint asserting a claim of Tortious Interference against Moving Defendant should be dismissed with prejudice.

Plaintiff attempts to craft a narrative of tortious interference by stringing together buzzwords and conclusory statements associated with the claim. Despite this rhetorical effort, he effectively says nothing of substance and fails to point to a single factual allegation that would establish the essential elements of tortious interference. To establish tortious interference with an existing contract, a plaintiff must prove: 1) the existence of a contractual relationship between the complainant and a third party; (2) an intent on the part of the defendant to harm the plaintiff by interfering with that contractual relationship; (3) the absence of privilege or justification on the part of the defendant; and (4) the occasioning of actual damage as a result of defendant's conduct. Empire Trucking Co., Inc. v. Reading Anthracite Coal Co., 71 A.3d 923 (Pa. Super. 2013) (citing Restatement (Second) of Torts § 766 (1979)).

For the purposes of this Motion, Moving Defendant does not contest that Plaintiff had a valid contractual relationship with the City of Philadelphia and the Philadelphia Fire Department. To establish the second element, however, requires proof that the defendant acted "for the specific purpose of causing harm to the plaintiff." Id. at 933 (internal citations omitted). The second element of this cause of action is closely intertwined with the third element, which requires a showing that the defendant's actions were not privileged." Id. at 934. In other words, "a plaintiff must prove not only that a defendant acted intentionally to harm the plaintiff, but also that those actions were improper." Id. at 934. To determine whether a defendant's actions were improper, the trial court must take into account the following factors listed in Restatement (Second) of Torts section 767:

> (a) the nature of the actor's conduct; (b) the actor's motive; (c) the interests of the others with which the actor's conduct interferes; (d) the interests sought to be advanced by the actor; (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other; (f) the proximity or remoteness of the actor's conduct to the interference; and (g) the relations between the parties.

Restatement (Second) of Torts § 767.

In Count XIII, Plaintiff alleges that Defendants Jacqulyn Murphy, Marian Farris, Christina Quinones, Tabitha Boyle and Dana Jackson acted in concert to purposefully interfere with Plaintiff's contractual relationship with his employer, with the intent to harm Plaintiff. ECF #1 at ¶ 191. Plaintiff continues: "Defendants' actions were not privileged and lacked any legal justification. Defendants abused any perceived privilege by submitting sexual harassment claims in bad faith, with actual malice, and with the knowledge that such claims were false." Id. at ¶¶ 192-193. Moving Defendant is sparingly identified by name in the rest of the Complaint. To the extent that she is directly mentioned, Plaintiff alleges that Defendant cold-called female employees

to find women to file claims against the Plaintiff and manufactured a sexual harassment scandal out of thin air. Id. at ¶¶ 42-43.

Plaintiff's claim for tortious interference fails because the Complaint does not plead sufficient factual matter to state a plausible claim for relief under the governing federal pleading standards. Here, the Complaint alleges in wholly conclusory fashion that several defendants acted in concert to purposefully interfere with Plaintiff's employment relationship. The pleading contains no factual allegations describing specifically what any individual defendant allegedly did to interfere with that contract, when such conduct occurred, or how it was directed toward causing Plaintiff's demotion. Such impermissible group pleading fails to plausibly allege intentional interference by any particular defendant.

The Complaint similarly relies on conclusory assertions that Defendants submitted harassment complaints "in bad faith" and with "knowledge that such claims were false," yet it pleads no facts explaining why the complaints were false, what any Defendant allegedly knew at the time, or how the alleged conduct was intended to interfere with Plaintiff's employment. These bare allegations are precisely the type of "[t]hreadbare recitals of the elements of a cause of action" that must be disregarded under the pleading framework established in Iqbal. Iqbal, 556 U.S. at 678.

Finally, Plaintiff's assertion that Defendants' conduct was "not privileged" and that any privilege was "abused" is nothing more than a legal conclusion devoid of supporting factual content. Id. at 664 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations."); Id. at 678 ("The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.") Since the Complaint offers only conclusory assertions rather than well-pleaded facts supporting the essential elements

of tortious interference, the claim does not satisfy federal pleading standards and must be dismissed.

**b. Count XIV of Plaintiff's Complaint alleging a claim of Civil Conspiracy against Moving Defendant should be dismissed with prejudice.**

To start, Count XIV of Plaintiff's Complaint is so vaguely pled that it is impossible to determine whether Plaintiff intends to assert this claim under federal or state law. Moreover, Plaintiff fails to allege the necessary elements of a civil conspiracy claim. In order to state a civil action for conspiracy, a complaint must allege: 1) a combination of two or more persons acting with a common purpose to do an unlawful act or to do a lawful act by unlawful means or for an unlawful purpose; 2) an overt act done in pursuance of the common purpose; and 3) actual legal damage. Goldstein v. Phillip Morris, Inc., 854 A.2d 585, 590 (Pa. Super. 2004) (citation omitted). Additionally, "absent a civil cause of action for a particular act, there can be no cause of action for civil conspiracy to commit that act." McKeeman v. Corestates Bank, N.A., 751 A.2d 655, 660 (Pa.Super., 2000). Proof of malice is an essential part of a cause of action for conspiracy. Burnside v. Abbott Laboratories, 505 A.2d 973, 980 (Pa. Super. 1985). "The mere fact that two or more persons, each with the right to do a thing, happen to do that thing at the same time is not by itself an actionable conspiracy." Id. at 980.

Plaintiff alleges that the Defendants, including Moving Defendant, "combined or agreed intending to commit an unlawful act or to do a lawful act by unlawful means or unlawful purpose, including employment, obstructing an internal investigation into overtime fraud, and retaliating against Plaintiff for uncovering the fraud." ECF #1 at ¶ 196. Further, he alleges that Moving Defendant was aware of and complicit in Defendant Murphy and Farris' fraudulent overtime activities, and that the defendants committed several overt acts to achieve their common goal, including filing false claims made in bad faith that Plaintiff was a sexual harasser; recruiting other

employees to join the bad-faith complaint against Plaintiff; cold-calling employees to join in on the complaint; and publishing false statements in the Philadelphia Inquirer." Id. at ¶ 198. These allegations, however, fail as a matter of law.

Even though a heightened pleading standard is not required, courts in Pennsylvania have emphasized that a conspiracy claim must still provide factual support indicating the existence of the conspiracy and the role each defendant allegedly played in carrying out its objectives. Johnson v. Davis, 2023 WL 9052027 at *8 (M.D.Pa., 2023); Flanagan v. Shively, 783 F.Supp. 922, 928 (M. D. Pa. 1992)("The plaintiff's allegations must be supported by facts bearing out the existence of the conspiracy and indicating its broad objectives and the role each defendant allegedly played in carrying out those objectives."). It is not enough for Plaintiff to assert bare conclusory allegations of "conspiracy" or "concerted action" to allege a conspiracy. Rather, the "plaintiff must expressly allege an agreement or make averments of communication, consultation, cooperation, or command from which such an agreement can be inferred." Id.

Here, Plaintiff provides no factual allegations explaining how or when each Defendant allegedly joined the conspiracy, how they communicated or coordinated with each other, or how their actions contributed to a common plan. He claims that Moving Defendant obstructed an internal investigation into overtime fraud— fraud for which he does not allege that she was personally involved—yet offers no explanation as to her involvement. He again makes mention of Defendants "cold-calling employees" but fails to specify which Defendant called which employees, the substance of these conversations, or how any alleged conversation amounts to a conspiracy to commit an unlawful act with an unlawful purpose. Without these critical facts, Plaintiff is attempting to penalize Defendant for simply speaking or participating in ordinary workplace communications.

As Plaintiff has failed to sufficiently plead the underlying tort of tortious interference, there is no legal basis to assert a derivative conspiracy claim. *See* Boyanowski v. Capital Area Intermediate Unit, 215 F.3d 396, 407 (3d Cir. 2000) (holding that liability for civil conspiracy depends on the existence of an underlying tort); McKeeman, 751 A.2d at 660. While it is true that an overt act need not be pleaded against each defendant, Flanagan, 783 F. Supp. at 929, the complaint must still provide notice of each defendant's participation so that "he may intelligently prepare his answer and defense." Id. at 929 (citations omitted). Plaintiff's allegations, which lump all defendants together and fail to connect any specific Defendant to any particular act in furtherance of a conspiratorial agreement, do not meet this standard. Accordingly, Plaintiff has not plausibly alleged a conspiracy under Pennsylvania law or the federal pleading standards articulated in Twombly, 550 U.S. 544 (2007), and Iqbal, 556 U.S. 662 (2009). The civil conspiracy claim is therefore legally deficient and should be dismissed with prejudice.

## IV. CONCLUSION

Based on the foregoing, Moving Defendant respectfully requests that this Honorable Court enter an Order in the form attached hereto dismissing Plaintiff's claims against Moving Defendant, with prejudice.

**MARSHALL DENNEHEY, P.C.**

BY: ______________________________

Date: April 1, 2026

JOHN P. GONZALES, ESQ.
ILSA A. MIR, ESQ.
Attorney ID 71265 / 338011
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email:jpgonzales@mdwcg.com
*Attorneys for Defendant*
*Christina Quinones*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| ANTHONY HUDGINS,<br>Plaintiff | : | CIVIL ACTION No. 2:26-cv-00092 |
| v. | : | |
| CITY OF PHILADELPHIA, et al.<br>Defendants. | : | JURY TRIAL DEMANDED |

**CERTIFICATE OF SERVICE**

I, JOHN GONZALES, ESQUIRE, do hereby certify that a true and correct copy of Defendant Christina Quinones' Motion to Dismiss was electronically filed with the Court on the date below and is available for viewing and downloading from the ECF System.

Respectfully submitted,

**MARSHALL DENNEHEY, P.C.**

BY: ______________________

JOHN P. GONZALES, ESQ.
ILSA A. MIR, ESQ.
Attorney ID 71265 / 338011
2000 Market Street, Suite 2300
Philadelphia, PA 19103
(215) 575-2871 Fax (215) 575-0856
Email:jpgonzales@mdwcg.com
*Attorneys for Defendant*
*Christina Quinones*

Date: April 1, 2026