**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTHONY HUDGINS<br><br>Plaintiff,<br>v.<br><br>CITY OF PHILADELPHIA et al.,<br><br>Defendants. | Civil Action<br><br>No. 2:26-cv-00092-KSM |

**DEFENDANT MARIAN FARRIS'S ANSWER TO PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, Marian Farris ("Ms. Farris"), by and through undersigned counsel, hereby answers the Complaint of Plaintiff, Anthony Hudgins ("Plaintiff"), and asserts her Affirmative Defenses as follows:

**INTRODUCTION**

The allegations in Plaintiff's unnumbered introductory paragraphs contain conclusions of law and/or Plaintiff's statement of the case, to which no response is required. Further, to the extent that the allegations are directed to a party other than Ms. Farris, no response is required. If any response is required, the allegations are denied.

**THE PARTIES**

1. Admitted in part; denied in part. Admitted that Plaintiff is an adult individual. Ms. Farris is without information sufficient to admit or deny the remaining allegations in this paragraph.

2. The allegations in this paragraph are not directed to Ms. Farris, and therefore no response is required. Further, the allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

3. The allegations in this paragraph are not directed to Ms. Farris, and therefore no response is required. Further, the allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

4. The allegations in this paragraph are not directed to Ms. Farris, and therefore no response is required. Further, the allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

5. The allegations in this paragraph are not directed to Ms. Farris, and therefore no response is required. Further, the allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

6. The allegations in this paragraph are not directed to Ms. Farris, and therefore no response is required. Further, the allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

7. The allegations in this paragraph are not directed to Ms. Farris, and therefore no response is required. Further, the allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

8. The allegations in this paragraph are not directed to Ms. Farris, and therefore no response is required. Further, the allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

9. The allegations in this paragraph are not directed to Ms. Farris, and therefore no response is required. Further, the allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

10. The allegations in this paragraph are not directed to Ms. Farris, and therefore no response is required. To the extent a response is required, the allegations are denied.

11. Admitted in part; denied in part. Admitted only that Ms. Farris is an adult individual who resides at 1509 Belmont Ave. Philadelphia PA, 19104, and that she was employed by the Philadelphia Fire Department from 2016 until her resignation in 2025. Denied as to Ms. Farris's job title. By way of further response, Ms. Farris worked as an Administrative Technician from October 2016 to 2023, and as a Payroll and Investigation Supervisor from 2023 to 2025.

12. The allegations in this paragraph are not directed to Ms. Farris, and therefore no response is required. To the extent a response is required, the allegations are denied.

13. The allegations in this paragraph are not directed to Ms. Farris, and therefore no response is required. To the extent a response is required, the allegations are denied.

14. The allegations in this paragraph are not directed to Ms. Farris, and therefore no response is required. To the extent a response is required, the allegations are denied.

## **JURISDICTION AND VENUE**

15. Ms. Farris incorporates by reference her responses to paragraphs 1-14.

16. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

17. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

18. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

19. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

20. Ms. Farris incorporates by reference her responses to paragraphs 1-19.

21. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

22. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

23. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

24. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

25. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

26. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**MATERIAL FACTS**

27. Ms. Farris incorporates by reference her responses to paragraphs 1-26.

28. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

29. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

30. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

31. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

32. Admitted in part; denied in part. Admitted that Plaintiff requested overtime information for certain Philadelphia Fire Department employees in October 2024. The characterization of Ms. Farris's response to Plaintiff's request is denied. To the contrary, Ms. Farris gathered the requested information and provided it to her supervisor. Ms. Farris is without information sufficient to admit or deny the remaining allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

33. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

34. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

35. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

36. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. By way of further response, this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

37. Denied with regard to conduct attributed to Ms. Farris. By way of further response, this paragraph contains conclusions of law, to which no response is required. Ms. Farris is without information sufficient to admit or deny the remaining allegations in this paragraph. To the extent a response is required, the allegations are denied.

38. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

39. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

40. Denied with regard to conduct attributed to Ms. Farris. By way of further response, this paragraph contains conclusions of law, to which no response is required. Ms. Farris is without information sufficient to admit or deny the remaining allegations in this paragraph. To the extent a response is required, the allegations are denied.

41. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

42. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

43. Denied with regard to conduct attributed to Ms. Farris. By way of further response, this paragraph contains conclusions of law, to which no response is required. Ms. Farris is without information sufficient to admit or deny the remaining allegations in this paragraph. To the extent a response is required, the allegations are denied.

44. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. By way of further response, this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

45. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

46. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

47. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

48. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

49. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

50. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

51. Admitted in part; denied in part. Ms. Farris admits that she submitted a letter of resignation to the Philadelphia Fire Department on April 7, 2025. Ms. Farris denies as stated Plaintiff's characterization of the reasons for her resignation. By way of further response, Ms. Farris's letter of resignation is a written document that speaks for itself and Plaintiffs' characterizations of that document are specifically denied. Ms. Farris is without information sufficient to admit or deny the remaining allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

52. Denied. By way of further response, this paragraph contains conclusions of law, to which no response is required. To the extent a response is required, the remaining allegations are denied.

53. Denied as stated. By way of further response, Ms. Farris's letter of resignation is a written document that speaks for itself and Plaintiffs' characterizations of that document are specifically denied.

54. Denied as stated. By way of further response, Ms. Farris specifically denies that she published false statements to the Philadelphia Inquirer. This paragraph also contains conclusions of law, to which no response is required. To the extent a response is required, the remaining allegations are denied.

55. Admitted only that, on May 6, 2025, the Philadelphia Inquirer published an article titled "Harassment and Overtime Probes Collide at Top Levels of the Philly Fire Department." By way of further response, the May 6, 2025 Philadelphia Inquirer article is a

written document that speaks for itself and Plaintiffs' characterizations of that document are specifically denied.

56. Denied as stated with regard to statements attributed to Ms. Farris. By way of further response, the May 6, 2025 Philadelphia Inquirer article is a written document that speaks for itself and Plaintiffs' characterizations of that document are specifically denied. Ms. Farris is without information sufficient to admit or deny the remaining allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

57. Denied as stated. By way of further response, the May 6, 2025 Philadelphia Inquirer article is a written document that speaks for itself and Plaintiffs' characterizations of that document are specifically denied. This paragraph also contains conclusions of law, to which no response is required. To the extent a response is required, the remaining allegations are denied.

58. Denied as stated. By way of further response, the May 6, 2025 Philadelphia Inquirer article is a written document that speaks for itself and Plaintiffs' characterizations of that document are specifically denied. This paragraph also contains conclusions of law, to which no response is required. To the extent a response is required, the remaining allegations are denied.

59. Denied as stated with regard to statements attributed to Ms. Farris. By way of further response, the May 6, 2025 Philadelphia Inquirer article is a written document that speaks for itself and Plaintiffs' characterizations of that document are specifically denied. This paragraph also contains conclusions of law, to which no response is required. Ms. Farris is without information sufficient to admit or deny the remaining allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

60. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

61. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

62. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

63. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

64. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

65. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

66. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

67. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

68. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

69. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

70. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

71. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

72. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

73. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

74. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

75. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

76. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

77. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

78. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

79. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

80. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

81. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

82. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

83. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

84. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

85. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

86. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

87. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

88. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

89. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

90. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

91. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

92. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

93. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

94. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

95. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

96. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

97. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

98. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

99. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

100. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

101. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the remaining allegations are denied.

102. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

103. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

104. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

105. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

106. Admitted only that, on December 10, 2025, the Philadelphia Inquirer published an article titled "A top-ranking fire department official was demoted amid a sexual harassment probe." By way of further response, the December 10, 2025 Philadelphia Inquirer article is a written document that speaks for itself and Plaintiffs' characterizations of that document are specifically denied.

107. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied. In addition, the December 10, 2025 Philadelphia Inquirer article is a written document that speaks for itself and Plaintiffs' characterizations of that document are specifically denied.

108. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

109. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

110. Ms. Farris is without information sufficient to admit or deny the allegations in this paragraph. To the extent a response is required, the allegations are denied.

111. The allegations in this paragraph contain conclusions of law, to which no response is required. To the extent a response is required, the allegations are denied.

## COUNT I

### RETALIATION IN VIOLATION OF PUBLIC POLICY OF PENNSYLVANIA WHISTLEBLOWER LAW

**(Against Defendants City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson)**

112. Ms. Farris incorporates by reference her responses to paragraphs 1-111.

113. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

114. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

115. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

116. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

117. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

118. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Marian Farris respectfully requests that the Court enter judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

## COUNT II

**PROCEDURAL DUE PROCESS VIOLATION UNDER THE STIGMA PLUS DOCTRINE – 14TH AMENDMENT (BY AND THROUGH 42 U.S.C. § 1983)**

**(Against Defendants City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson)**

119. Ms. Farris incorporates by reference her responses to paragraphs 1-118.

120. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

121. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

122. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

123. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

124. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

125. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

126. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

127. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

128. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

129. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Marian Farris respectfully requests that the Court enter judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

## COUNT III

### SEX DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

**(Against the City of Philadelphia and the Philadelphia Fire Department)**

130. Ms. Farris incorporates by reference her responses to paragraphs 1-129.

131. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

132. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

133. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

134. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

135. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

136. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

137. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

138. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

139. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Marian Farris respectfully requests that the Court enter judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

## COUNT IV

## HOSTILE WORK ENVIORMENT IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

**(Against the City of Philadelphia and the Philadelphia Fire Department)**

140. Ms. Farris incorporates by reference her responses to paragraphs 1-139.

141. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

142. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

143. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

144. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

145. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

146. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Marian Farris respectfully requests that the Court enter judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

## COUNT V

## RETALATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED

**(Against the City of Philadelphia and the Philadelphia Fire Department)**

147. Ms. Farris incorporates by reference her responses to paragraphs 1-146.

148. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

149. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

150. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

151. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Marian Farris respectfully requests that the Court enter judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

**COUNT VI**

**SEX DISCRIMINATION IN VIOLATION OF THE 14TH AMENDMENT (BY AND THROUGH 42 U.S.C. § 1983)**

**(Against Defendants City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson)**

152. Ms. Farris incorporates by reference her responses to paragraphs 1-151.

153. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

154. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Marian Farris respectfully requests that the Court enter judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

**COUNT VII**

**HOSTILE WORK ENVIRONMENT IN VIOLATION OF THE 14TH AMENDMENT (BY AND THROUGH 42 U.S.C. § 1983)**

**(Against Defendants City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson)**

155. Ms. Farris incorporates by reference her responses to paragraphs 1-154.

156. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

157. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Marian Farris respectfully requests that the Court enter judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

**COUNT VIII**

**RETALIATION IN VIOLATION OF THE 14TH AMENDMENT (BY AND THROUGH 42 U.S.C. § 1983)**

**(Against Defendants City of Philadelphia, Philadelphia Fire Department, Mayor Cherelle Parker, Tiffany Thurman, and Fire Commissioner Jeffrey Thompson)**

158. Ms. Farris incorporates by reference her responses to paragraphs 1-157.

159. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

160. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Marian Farris respectfully requests that the Court enter judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

**COUNT IX**

**DEFAMATION – PRIVATE INDIVIDUAL**

**(Against Jacqulyn Murphy, Marian Farris, Michael Bresnan, and IAFF Local 22 *via vicarious liability*)**

161. Ms. Farris incorporates by reference her responses to paragraphs 1-160.

162. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

163. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

164. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

165. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

166. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

167. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

168. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

169. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

170. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Marian Farris respectfully requests that the Court enter judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

## COUNT X

### DEFEMATION – PUBLIC FIGURE

### (Against Jacqulyn Murphy, Marian Farris, Michael Bresnan, and IAFF Local 22 *via vicarious liability*)

171. Ms. Farris incorporates by reference her responses to paragraphs 1-170.

172. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

173. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

174. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Marian Farris respectfully requests that the Court enter judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

**COUNT XI**

**FALSE LIGHT INVASION OF PRIVACY – PRIVATE FIGURE**

**(Against Jacqulyn Murphy, Marian Farris, Michael Bresnan, and IAFF Local 22 *via vicarious liability*)**

175. Ms. Farris incorporates by reference her responses to paragraphs 1-174.

176. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

177. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

178. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

179. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

180. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

181. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

182. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

183. The allegations in this paragraph are not directed at Ms. Farris, and therefore, require no response. To the extent a response is required, the allegations are denied.

184. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Marian Farris respectfully requests that the Court enter judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

## COUNT XII

### FALSE LIGHT INVASION OF PRIVACY – PUBLIC FIGURE (in the alternative)
### (Against Jacqulyn Murphy, Marian Farris, Michael Bresnan, and IAFF Local 22 *via vicarious liability*)

185. Ms. Farris incorporates by reference her responses to paragraphs 1-184.

186. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

187. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

188. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Marian Farris respectfully requests that the Court enter judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

## COUNT XIII

**TORTIOUS INTERFERENCE**

**(Against Jacqulyn Murphy, Marian Farris, Michael Bresnan, and IAFF Local 22 *via vicarious liability*)**

189. Ms. Farris incorporates by reference her responses to paragraphs 1-188.

190. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

191. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

192. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

193. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

194. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Marian Farris respectfully requests that the Court enter judgment dismissing Plaintiff's Complaint, for costs of suit and for such other and further relief as the Court may deem just and proper.

## COUNT XIV

**CIVIL CONSPIRACY**

**(Against Jacqulyn Murphy, Marian Farris, Michael Bresnan, and IAFF Local 22 *via vicarious liability*)**

195. Ms. Farris incorporates by reference her responses to paragraphs 1-194.

196. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

197. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

198. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

199. The allegations in this paragraph constitute conclusions of law to which no response is required. To the extent a response is required, the allegations are denied.

**WHEREFORE**, Defendant Marian Farris denies that she is liable on all claims asserted by Plaintiff in the Complaint and respectfully requests that the Court enter judgment in her favor and against Plaintiff, dismiss all claims with prejudice, and award Ms. Farris attorneys fees, costs and any other relief as the Court deems proper.

## PRAYER FOR RELIEF

**WHEREFORE**, having fully answered and responded to the allegations in the Complaint, Defendant Marian Farris respectfully requests that:

(1) Plaintiff's claims against her be dismissed in their entirety with prejudice;

(2) Each and every prayer for relief in the Complaint be denied;

(3) Judgement be entered in favor of Ms. Farris and against Plaintiff;

(4) All costs, including reasonable attorney's fees, be awarded to Ms. Farris and against Plaintiff pursuant to applicable laws; and

(5) Ms. Farris be granted such other relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

**Second Affirmative Defense**

Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations or other applicable rules, statutes, or regulations controlling or requiring the initiation of a suit within a certain period of time following the accrual of the cause of action.

**Third Affirmative Defense**

Ms. Farris asserts all common law and statutory immunities to which she may be entitled, including immunity pursuant to the Pennsylvania Political Subdivision Tort Claims Act.

**Fourth Affirmative Defense**

Plaintiff's injuries, suffering, and/or damages, if any, were caused by the conduct, negligence, recklessness, disregard, criminal and other behavior of others, over whom Ms. Farris had no control and/or right of control.

**Fifth Affirmative Defense**

Plaintiff's alleged damages or losses, if any, were caused in whole or in part, by Plaintiff's own acts, omissions, or conduct.

**Sixth Affirmative Defense**

Plaintiff failed, in whole or in part, to mitigate his damages.

**Seventh Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches, waiver, estoppel, and unclean hands.

**Eighth Affirmative Defense**

Ms. Farris acted at all relevant times with good faith and without any malicious intent and with reasonable justification for believing her actions were lawful.

**Ninth Affirmative Defense**

Plaintiff has failed to establish that Ms. Farris acted with malice.

**Tenth Affirmative Defense**

There is no factual or legal basis for compensatory damages.

**Eleventh Affirmative Defense**

There is no factual or legal basis for the imposition of punitive damages.

**Twelfth Affirmative Defense**

Plaintiff's claims are barred, in whole or in part, by issue and/or claim preclusion.

**Thirteenth Affirmative Defense**

Ms. Farris reserves the right to amend this Answer and assert additional defenses as they become apparent in the course of discovery.

**WHEREFORE**, Defendant Marian Farris denies that she is liable on all claims asserted by Plaintiff in the Complaint and respectfully requests that the Court enter judgment in her favor and against Plaintiff, dismiss all claims against her with prejudice, and award Ms. Farris attorney's fees, costs and any other relief as the Court deems proper.

Respectfully submitted,

DILWORTH PAXSON, LLP

Date: May 14, 2026

By:*/s/ David Smith*
David Smith (Attorney I.D. 21480)
Anne E. Kane (Attorney I.D. 81872)
1650 Market Street, Suite 1200
Philadelphia, Pa 19103
(215)575-7000
Dsmith@dilworthlaw.com
Akane@dilworthlaw.com
*Attorneys for Defendant, Marian Farris*